IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00187-BNB

STEPHAN DARRIS,

    Applicant,

v.

ANNIE, Director (Williams Street), and
ERICA GILLESPIE, Director (CMI Fox),

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Stephan Darris, is an inmate at the Denver County Jail.  Mr. Darris has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 claiming that his constitutional rights were violated when Respondents failed to protect him from being victimized by another client at a halfway house.  The Court must construe the application liberally because Mr. Darris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

    The Court has reviewed the application and finds that the claims Mr. Darris raises challenge the conditions of his confinement and may not be raised in a habeas corpus action.  Mr. Darris alleges in the application that he was transferred from one halfway house to another even though he informed the directors of both halfway houses

that he would not be safe at the second halfway house because he previously had been sexually assaulted by an individual who was a client at the second halfway house. Mr. Darris asserts that the same client sexually and physically assaulted him and extorted money from him after he was transferred to the second halfway house. Mr. Darris claims that Respondents violated his constitutional rights because they failed to protect him from harm and failed to respond to his complaints that he was being victimized.

The constitutional claims Mr. Darris asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). However, an individual in state custody who seeks to challenge the conditions of his or her confinement generally must seek relief in a civil rights action pursuant to 42 U.S.C. § 1983. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Ordinarily, when a *pro se* litigant has used the wrong pleading form to assert his or her claims the Court directs the litigant to file an amended pleading using the proper form. The Court will not do so in the instant action because Mr. Darris already has filed a civil rights action pursuant to 42 U.S.C. § 1983 raising nearly identical claims against the same parties. *See Darris v. Annie*, No. 12-cv-00278-BNB (D. Colo. filed Feb. 2, 2012). Therefore, the Court will dismiss the instant action without prejudice to Mr. Darris pursuing his constitutional claims in 12-cv-00278-BNB.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369

U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice to Mr. Darris pursuing his claims in 12-cv-00278-BNB. It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  13th  day of   February  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court